IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES *ex rel.* JOHN WOODS, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No.: 06 C 2671 |
| v. ) | |
| ) | Suzanne B. Conlon, Judge |
| LEE RYKER, Warden, Menard Correctional ) | |
| Center, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

After a state court jury trial in 2002, John Woods was convicted of unlawful possession with intent to deliver between 15 and 100 grams of a controlled substance containing cocaine. He was sentenced to 21 years imprisonment. His conviction was affirmed and his post-conviction petition denied by Illinois courts. Proceeding *pro se*, he petitions for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is denied.

### BACKGROUND

**I.    The Trial**

Factual findings of state courts are presumed correct in a federal *habeas* proceeding unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Abrams v. Barnett*, 121 F.3d 1036, 1038 (7th Cir. 1997). The record does not reveal any evidence contrary to the findings of the Illinois courts. Accordingly, the following facts are taken from the Illinois Appellate Court's Rule 23 Order, *People v. Woods*, No. 3-02-0975, slip op. at 1-6 (Ill. App. Ct. 3d Dist. Apr. 9, 2004), filed in this case as Respondent's Exhibit D.

At approximately 12:20 a.m. on January 20, 2000, Joliet police officers Scott Cammack and Peter VanGessel were on patrol when they observed Patty Bird, a known prostitute, with two men, later determined to be Woods and Richard Ellis. The three walked behind an apartment building. Based on their experience with Bird, the officers determined that illegal activity was likely taking place behind the building. They parked their squad car and walked to a location where Cammack could observe the three individuals. Cammack saw Woods receive a clear plastic bag from Ellis, and hand something unidentifiable back to Ellis. Woods then began to jog towards the officers. As he emerged from behind the building, Cammack and VanGessel identified themselves and ordered him to stop. Woods attempted to flee and the officers pursued him. VanGessel caught up with Woods, and the two fell to the ground. As they fell, Cammack observed a clear plastic bag fall to the ground at Woods' side. Inside the bag were small, individually wrapped packages containing an off-white, rock-like substance. Woods was then searched and a second plastic bag containing small packages of the same substance was found. In total, there were 48 small, individually wrapped packages. A forensic scientist from the Illinois State Police testified at trial that he analyzed samples from the bags and determined them to contain a total of 18.9 grams of cocaine.

At trial, on cross-examination by the defense, Cammack stated he spoke with Bird after taking Woods into custody. Cammack testified that Bird told him she had attempted to purchase cocaine that evening. She also stated that she asked Ellis to purchase cocaine for her but was unsuccessful. On redirect, the prosecutor further questioned Cammack about his conversation with Bird. Cammack clarified that Bird stated she attempted to buy drugs from Woods, and to have Ellis buy drugs for her from Woods, but she failed because she is white. On recross-examination,

Cammack admitted that Bird had not actually used Woods' name, but stated only that she tried to buy cocaine from a black male.

The state also called Mark Reid, an officer in the narcotics unit of the Joliet Police Department. Over the defense's objection, Reid testified as an expert in drugs and drug trafficking. Reid testified that the 48 small packages found in Woods' possession would typically be worth $10 to $20 each, for a total street value of between $480 and $960. Reid further testified that in his experience, the quantity and packaging of the drugs were indicative of an individual who was dealing in narcotics. Reid testified that the quantity of cocaine found in Woods' possession was over three times the quantity he had ever previously found to be for personal use. However, Reid admitted he had encountered individuals with cocaine habits ranging from $100 to $300 per day.

During closing arguments, the state argued that the amount of cocaine, the manner of packaging, and Reid's expert testimony established Woods' intent to deliver. The defense argued that Cammack's observations merely showed Woods received drugs from Ellis, and maintained that the drugs were for Woods' personal use. The defense also pointed to Reid's testimony that some individuals do in fact have cocaine habits costing $300 per day, and noted that Woods could have used the drugs he possessed in as little as three days. Defense counsel argued Woods should be acquitted because the state failed to prove the element of intent. The defense did not discuss Bird's statement to Cammack that Woods refused to sell her cocaine because she is white.

On rebuttal, the state referred to Bird's statements to Cammack as evidence of Woods' intent to deliver cocaine. Over the defense's objection, the state argued Bird tried unsuccessfully to buy cocaine from Woods, and then attempted to have Ellis buy drugs for her. Woods was convicted and sentenced to 21 years imprisonment. He timely appealed.

## II. Appeal and Collateral Proceedings

Woods based his direct appeal on three grounds: ineffective assistance of counsel because counsel elicited hearsay testimony that tended to establish an element of the charged offense, and two grounds related to his jail credits. Resp. Ex. A at 2. The appellate court modified Woods' two jail credits, but affirmed his conviction. Resp. Ex. D. Specifically, the appellate court held that defense counsel's cross-examination of Cammack did not amount to ineffective assistance of counsel. Resp. Ex. D at 7. Woods did not petition the Illinois Supreme Court for leave to appeal the appellate court's decision.[1]

In addition to his direct appeal, Woods petitioned for post-conviction relief pursuant to 725 ILL. COMP. STAT. 5/122-1 *et seq.* In his *pro se* petition, he claimed that (1) his trial counsel was ineffective for failing to investigate two witnesses, Ellis and Bird, and (2) the state failed to prove the element of intent to deliver the drugs. Resp. Ex. E. His post-conviction petition was summarily denied as "frivolous and without merit." Resp. Ex. F at 2. Woods appealed, and his appointed counsel moved for leave to withdraw because the appeal presented no issue of merit. Resp. Ex. G. *See Pennsylvania v. Finley*, 481 U.S. 551 (1987) (holding there is no constitutional right to insist on procedures under *Anders v. California*, 386 U.S. 738 (1967) for withdrawal of appointed counsel where the attorney finds the case frivolous). Woods opposed his appointed attorney's withdrawal motion contending that (1) trial counsel was ineffective for failing to investigate Ellis; and (2) the state failed to establish his intent to deliver cocaine beyond a reasonable doubt. Resp. Ex. H. The

---

[1] Woods states that he appealed to the Illinois Supreme Court and his appeal was denied on December 1, 2005. But this is actually the date the Illinois Supreme Court denied his motion for leave to appeal the denial of his post-conviction petition. Pet. at 2. Petitioner did not in fact appeal the appellate court's decision in his direct appeal. Answer at ¶ 3.

appellate court granted counsel's motion for leave to withdraw, and affirmed the denial of the petition for post-conviction relief.[2] Woods filed a subsequent petition for leave to appeal, contending that (1) trial counsel was ineffective in eliciting hearsay testimony from a prosecution witness; and (2) the evidence was insufficient to establish intent to deliver. Resp. Ex. K. The Illinois Supreme Court denied the petition on December 1, 2005. Resp. Ex. L.

In this *habeas* petition, Woods raises three claims: (1) ineffective assistance of counsel because she elicited hearsay testimony from a prosecution witness tending to establish an element of the offense; (2) ineffective assistance of counsel because she failed to investigate a witness; and (3) insufficiency of the evidence to establish intent to deliver drugs beyond a reasonable doubt.

## DISCUSSION

### I. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254 provides that *habeas corpus* relief may be granted only if the state court proceeding "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). The state court's decision must be unreasonable; it is not enough for the state court to be wrong or that this court would decide the issue differently. *Danks v. Davis*, 355 F.3d 1005, 1008 (7th Cir. 2004).

Under § 2254, a petitioner must fairly present his federal claims to the state courts in one complete round of state appellate review before a federal court may grant *habeas corpus* relief.

---

[2]The state's answer misstates that the appellate court ruling is attached as Exhibit I. In fact, neither Exhibit I nor the record contains this ruling. It is undisputed that the appellate court granted counsel's withdrawal motion and affirmed the denial of Woods' petition. Therefore, the court need not review a copy of this ruling.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To satisfy "one complete round" of appellate review in Illinois, he must present his claims on either direct appeal or post-conviction review at each stage of the appellate process, including the Illinois Supreme Court. *Harrison v. McBride*, 428 F.3d 652, 661 (7th Cir. 2005), *see also United States ex rel Williams v. Bowen*, No. 03-C-1437, 2005 WL 3299231, slip op. at *3 (N.D.Ill. 2005) (Guzman, J.). He must present both the operative facts and the controlling legal principles. *Harrison*, 428 F.3d at 661.

If Woods meets the fair-presentment requirement, the court will conduct a deferential review of the state court decisions on his claims. *See* 28 U.S.C. § 2254(d); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (federal courts must give state court decisions the benefit of the doubt). The court cannot issue a writ of *habeas corpus* simply because, in its independent judgment, the state court decision applied law incorrectly. *Yarborough v. Alvarado*, 541 U.S. 652, 665 (2004). A federal court must defer to state courts if their decisions are reasonable or "minimally consistent with the facts and circumstances of the case." *Schulz v. Page*, 313 F.3d 1010, 1015 (7th Cir. 2002).

## II. Ineffective Assistance of Counsel Relating to Hearsay Testimony

Woods' claim of ineffective assistance of counsel arises from damaging hearsay testimony elicited by his counsel on cross-examination of a prosecution witness. Woods argues that he received ineffective assistance of counsel because his attorney elicited hearsay testimony from Officer Cammack that tended to establish Woods' intent to deliver a controlled substance. On cross-examination, Cammack testified that he interviewed Patty Bird, who told him that she tried to buy cocaine that evening but was not able to do so. On redirect, the prosecutor further questioned Cammack about his interview with Bird; Cammack testified that, according to Bird, the reason she could not purchase cocaine from Woods was that she is white. Resp. Ex. D at 3-4. This testimony

was obviously damaging because it tended to show Woods was a drug dealer, who simply choose not to sell to Bird because she is white.

### A. Procedural Default

Woods fails to meet the fair-presentment requirement for his ineffective assistance of counsel claim relating to hearsay testimony. Although Woods included this claim in his direct appeal (Resp. Ex. A at 2), he failed to carry the claim through one complete round of state court review.

On direct appeal, Woods asserted that counsel's error deprived him of his right to confront and cross-examine a witness under the Sixth Amendment of the United States Constitution and denied him a fair trial. Resp. Ex. A at 11. By claiming actual prejudice, he properly presented a Sixth Amendment claim. The appellate court rejected this claim, holding that the defense attorney's cross-examination of Cammack was a trial strategy beyond its review. Resp. Ex. D at 7-8. Woods did not appeal the appellate court decision. Ans. ¶ 3. He did not raise this claim in his *pro se* post-conviction petition, nor in his appeal from the denial of his post-conviction petition. Resp. Ex. E and H. However, Woods did raise the claim in his petition for leave to appeal the denial of his post-conviction petition to the Illinois Supreme Court. Resp. Ex. K.

Woods failed to present this claim at each stage of the appellate process as required by *Harrison*, 428 F.3d at 661. He raised the claim on direct appeal, but failed to appeal the appellate court's decision to the Illinois Supreme Court. Woods then raised this claim at only one stage of his post-conviction review, when he petitioned for leave to appeal to the Illinois Supreme Court. The ineffective assistance of counsel issue was not presented through the entire round of appellate review, and therefore is procedurally defaulted.

7

Procedural default may be excused where a petitioner demonstrates either "cause for the default and actual prejudice" or a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Cause is an external impediment preventing a petitioner from presenting his federal claim to the state courts. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice is a violation of a petitioner's federal rights "infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). The burden for showing a miscarriage of justice is extremely high: Woods must establish that he is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327-29 (1995). Woods does not present any cause or prejudice. Nor can he show that a miscarriage of justice would result if *habeas* relief is foreclosed. Nothing in this record remotely meets this high burden. Woods' procedural default cannot be excused. Accordingly, his claim for ineffective assistance of counsel is barred from *habeas* review.

**B.     Merits**

Even assuming procedural default does not bar Woods' ineffective assistance of counsel claim, the appellate court's adjudication of this claim is objectively reasonable under 28 U.S.C. § 2254(d). Under *Strickland v. Washington*, 466 U.S. 668 (1984), a defendant asserting ineffective assistance of counsel must show that counsel's performance was objectively unreasonable or deficient and that the defendant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668 (1984). "[T]here is a strong presumption that [an] attorney performed effectively." *Berkey v. United States*, 318 F.3d 768, 772 (7th Cir. 2003). The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time and in light of all the circumstances. *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). Woods must also show that, but for counsel's errors, the result of his trial would have been different. *Strickland*, 466 U.S. at 694. Strategic choices must be

respected if they are based on professional judgment. *Id.* at 81. If an attorney's strategic decision was sound at the time it was made, the tactical decision cannot support a claim of ineffective assistance of counsel. *United States v. Cieslowski*, 410 F.3d 353, 360 (7th Cir. 2005).

The appellate court held that defense counsel's cross-examination of Cammack did not amount to ineffective assistance of counsel under *Strickland*. Resp. Ex. D at 6-7. Throughout the trial, the defense maintained the cocaine in Woods' possession was for personal use. On cross-examination, defense counsel inquired about Bird's hearsay statements to show that, although Bird wanted to buy cocaine, Woods refused to sell drugs to her. After the defense opened the door, however, the prosecution elicited additional details on redirect examination that were damaging to the defense. While defense counsel's tactical decision resulted in damaging evidence, the appellate court held that this course of events does not support a finding of ineffective assistance of counsel. Resp. Ex. D at 8. In the appellate court's view, the defense's cross-examination of Cammack was a trial strategy and having undertaken a particular strategy, Woods could not subsequently complain about evidence introduced at the invitation of that strategy. Resp. Ex. D at 7-8 (citing cases).

Woods does not argue, nor does the record show, that the appellate court's decision contradicts clearly established federal law, as determined by the United States Supreme Court. Indeed, the Supreme Court has noted a petitioner must overcome the presumption that a challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689 (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). Without the benefit of hindsight, this court cannot conclude that counsel's cross-examination of Cammack was unsound trial strategy. *Bond v. United States*, 77 F.3d 1009, 1012 (7th Cir. 1996) (counsel's performance should be evaluated with a high degree of deference and without the distorting effects of hindsight). The appellate court's decision was

reasonable. Therefore, Woods' claim of ineffective assistance of counsel arising from hearsay testimony must be rejected.

### III. Ineffective Assistance of Counsel Relating to Failure to Investigate a Witness

#### A. Procedural Default

Woods' second ground for relief, that he received ineffective assistance of counsel because his attorney failed to investigate a witness, is procedurally defaulted as well. Woods raised the claim in his post-conviction petition, and in his response to counsel's motion for leave to withdraw, but he failed to raise the claim in his petition for leave to appeal the appellate court's decision denying his post-conviction petition. Resp. Ex. E, H, and L. By failing to include this claim in his petition for leave to appeal to the Illinois Supreme Court, Woods has not fairly presented the issue in one complete round of state appellate review. *O'Sullivan*, 526 U.S. at 845; *Bowen*, No. 03-C-1437, 2005 WL 3299231, at *3. The claim was not carried through each stage of appellate review, including the Illinois Supreme Court, and therefore it is procedurally defaulted and cannot be reviewed in a federal *habeas* proceeding. *O'Sullivan*, 526 U.S. at 848.

Woods does not present any cause or prejudice to excuse the procedural default. *Coleman*, 501 U.S. at 750. Nor can he show that a miscarriage of justice would result if *habeas* relief is foreclosed. Woods' procedural default cannot be excused.

#### B. Merits

Even assuming procedural default does not bar Woods' ineffective assistance of counsel claim, the appellate court's adjudication of this claim is objectively reasonable under 28 U.S.C. § 2254(d). Under the standard and principles established by *Strickland* and discussed above, a defendant must show that counsel's performance was objectively unreasonable or deficient and that

the defendant was prejudiced as a result. *Strickland*, 466 U.S. 668. A lawyer owes his client a duty to conduct a reasonable investigation or to make a reasonable decision that investigation is unnecessary. *Strickland*, 466 U.S. at 691. Failure to investigate can constitute ineffective assistance of counsel. *Id.* However, strategic decisions made after thorough investigation of the law and facts are virtually unchallengeable, and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support limitations on investigation. *Id.* at 690-91. A particular decision not to investigate must be assessed for reasonableness, with deference to counsel's judgment. *Id.* at 691. Counsel need not pursue every conceivable avenue of investigation. *United States v. Davenport*, 986 F.3d 1047, 1049 (7th Cir. 1993).

Woods maintains that trial counsel should have investigated Richard Ellis because an investigation would have supported a conclusion that he purchased cocaine for personal use and not for distribution. Pet. at 5. Officer Cammack testified that he saw Woods receive a clear plastic bag from Ellis, and hand something unidentifiable to Ellis in return. Resp. Ex. D at 2. Woods asserts that had trial counsel interviewed and called Ellis as a witness, his testimony would have established Woods was a user of drugs and not a dealer. Pet. at 5.

To establish a claim based on trial counsel's failure to introduce evidence, Woods must make a specific, affirmative showing as to what the missing evidence or testimony would have been. *United States v. O'Grady*, 908 F.2d 170, 173 (7th Cir. 1990). He must show what information the investigation would have revealed, and that the information would have produced a different result. *Id.* (citing *United States ex rel. Cross v. DeRobertis*, 811 F.2d 1008, 1016 (7th Cir. 1987)). A showing must generally be presented in the form of testimony by the witness or an affidavit. *United*

11

*States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991). "A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." *Id.*

Woods fails to submit affidavits or specific information as to Ellis' purported testimony. He merely asserts that Ellis would testify that Woods was not a drug dealer. Pet. at 5. But he fails to explain how Ellis' testimony could overcome other evidence tending to show his intent to sell drugs, namely: (1) the quantity of cocaine in his possession; (2) the manner in which it was packaged; and (3) expert testimony.

Illinois state courts reviewed and ruled on this claim. The trial court summarily denied Woods' petition as frivolous. Resp. Ex. F at 2. The appellate court affirmed the trial court's decision. Ans. at ¶ 3. The appellate court did not specifically discuss Woods' claims. However its ruling constitutes a merits judgment as to each of the claims raised in the petition, including the claim of ineffective assistance of counsel. *See Wilkinson v. Cowan*, 231 F.3d 347, 352 (7th Cir. 2000) (holding that a petitioner's *habeas* claim was not procedurally defaulted because the state appellate court implicitly reached the merits of all issues he raised in his post-conviction petition, notwithstanding the fact that the court did not identify or discuss a particular claim in its order). The Illinois Supreme Court denied Woods' petition for leave to appeal. Resp. Ex. K.

This court cannot conduct its own inquiry into whether the state courts were correct; it must defer to them if their decisions are reasonable or "minimally consistent with the facts and circumstances of the case." *Yarborough*, 541 U.S. at 665; *Schulz*, 313 F.3d at 1015. The trial court's decision, upheld by the appellate court and the Illinois Supreme Court, is reasonable and is not contrary to clearly established federal law, as determined by the United States Supreme Court.

It was reasonable for trial counsel to conclude that, even assuming Ellis could testify as Woods asserts, Ellis' testimony would not be helpful in overcoming the evidence tending to show that Woods was a dealer. In fact, Ellis' purported testimony might be harmful to the extent it would open the door to potentially damaging cross-examination. Defense counsel's strategic choice to decline to investigate and call Ellis as a witness was reasonable under the circumstances. Therefore, the claim of ineffective assistance of counsel arising from defense counsel's failure to investigate Ellis as a witness must be denied on the merits.

## III. Insufficiency of the Evidence

### A. Procedural Default

Woods' third ground for relief, that the evidence against him was insufficient to establish guilt beyond a reasonable doubt, is not procedurally defaulted. Woods raised this claim in his post-conviction petition, in his response to appointed counsel's motion for leave to withdraw, and in his petition for leave to appeal to the Illinois Supreme Court. Resp. Ex. E, H, and K. Thus, he presented this claim on post-conviction review at each state of the appellate process, including the Illinois Supreme Court, satisfying the requirement to present a claim in "one complete round" of state appellate review. *O'Sullivan*, 526 U.S. at 845; *Bowen*, 2005 WL 3299231, at *3. Therefore, the insufficiency of evidence claim is properly before this court.

### B. Merits

Woods argues the state denied his right to due process under the Fourteenth Amendment of the United States Constitution because the evidence did not establish that he committed the offense beyond a reasonable doubt. He maintains the record does not support a finding of intent to deliver cocaine. Due process is satisfied if, viewing the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond

13

a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In his post-conviction petition, Woods argued that the evidence showed only that he purchased drugs, not that he intended to sell drugs. Resp. Ex. E.

At trial, the prosecution presented evidence that Woods was found in possession of 48 individually packaged small plastic bags containing a total of 18.9 grams of cocaine. Resp. Ex. D at 2-3. Mark Reid, an expert in drugs and drug trafficking, testified that in his experience, an individual with this quantity of cocaine, packaged individually, was dealing in narcotics. Resp. Ex. D at 4-5. In closing, the prosecution argued that the amount of cocaine found in Woods' possession, the way it was packaged, and Reid's expert testimony established Woods' intent to deliver. Resp. Ex. D at 5. On rebuttal, the prosecution also referred to Officer Cammack's testimony about Patty Bird's statement to him that she tried to buy cocaine from Woods as evidence that Woods was a known dealer. Resp. Ex. D at 5-6. Viewed in the light most favorable to the prosecution, there was sufficient evidence for a rational trier of fact to find that Woods intended to distribute cocaine. *See, e.g., United States v. Puckett*, 405 F.3d 589, 601 (7th Cir. 2005) (possession of cocaine in excess of an amount for personal use sufficient evidence to compel an inference of intent to distribute); *United States v. Garrett*, 903 F.2d 1105, 1113 (7th Cir. 1990) (individual packaging of cocaine, among other factors, led to inference of intent to distribute).

While the appellate court did not specifically rule on Woods' insufficiency of evidence claim on direct appeal because it was not raised, the appellate court clearly accepted the facts argued by the prosecution in support of the intent element when it upheld his conviction. Federal *habeas* courts must presume that state court findings of fact are correct. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981). The trial court, after reviewing Woods' petition, denied it as "frivolous and without merit." Resp. Ex. F at 2. Woods' counsel filed a motion for leave to withdraw as counsel on appeal, arguing

that the appeal presented no issue of merit on which Woods could expect to gain relief. Resp. Ex. G at 1. The appellate court granted counsel's motion for leave to withdraw and affirmed the trial court's denial of Woods' post-conviction petition. Ans. at ¶ 3. The Illinois Supreme Court denied Woods' petition for leave to appeal. The state court decisions to deny Woods' post-conviction petition and affirm his conviction rest on a determination that the state presented sufficient evidence to uphold his conviction. The decisions of the Illinois courts were not unreasonable or contrary to clearly established federal law. 28 U.S.C. § 2254(d)(1). This court must defer to reasonable state court decisions. *Schulz*, 313 F.3d at 1015. Therefore, Woods' claim of insufficient evidence to establish his intent to deliver cocaine must be denied.

## CONCLUSION

For the reasons set forth above, the petition for a writ of *habeas corpus* is denied.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

August 29, 2006